UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT ROBBINS,

                 Plaintiff,

     v.

UNKNOWN,

                 Defendant.

Case No. CV 18-03187-JLS (RAO)

ORDER DISMISSING CASE

On April 16, 2018, Plaintiff Robert Robbins ("Plaintiff"), a California state prisoner, sent a letter addressed to Magistrate Judge Karen E. Scott, which the Clerk's Office filed as a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1.)  Plaintiff did not pay the filing fee, nor did he submit a Request to Proceed Without Prepayment of Filing Fees with the Complaint. (*See* Dkt. No. 2.)

As best the Court can discern from the face of the Complaint, Plaintiff asserts that officials at the California Health Care Facility, a California prison facility located in Stockton, California, in the Eastern District of California, have forced general population inmates to integrate with "S&Y" inmates.[1]  (Dkt. No. 1 at 1.) Plaintiff states that because he refused to be a "programmer," he was forced to

---

[1] This is likely a reference to inmates designated for the special needs yard.

move, and a riot broke out shortly thereafter. (*Id.*) Plaintiff alleges that the administration knew that the riot would happen. (*Id.*) According to Plaintiff, all of the general population inmates are "in the hole" pending transfer. (*Id.*) Plaintiff also asserts that the administration is "very disrespectful" and puts the inmates in danger. (*Id.*) Plaintiff states that he hopes that the reader "understand[s] what we're going through and can help us in any way." (*Id.*)

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis* and all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2), 1915A(a)-(b). The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* 28 U.S.C. § 1915A(b).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing 28 U.S.C. § 1915A). That is, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (internal quotation marks omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court is not required to blindly accept conclusory allegations, unwarranted factual deductions, or

unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Here, although Plaintiff recounts several of his concerns and grievances, Plaintiff has not alleged any particular cause of action or constitutional injury, nor has he identified any defendants. Because the Complaint fails to satisfy pleading requirements and lacks essential elements of a plausible claim, the Court concludes that dismissal is appropriate. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (finding that a district court erred in supplying essential elements of a claim, and directing that the complaint be dismissed with leave to amend).

Further, to the extent that Plaintiff desires to cure the deficiencies described above, any amended pleading raising claims related to Plaintiff's incarceration at the California Health Care Facility must be filed in the Eastern District of California. *See* 28 U.S.C. §§ 84(b), 1391(b).

Accordingly, IT IS ORDERED that this case is DISMISSED without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 8, 2018

JOSEPHINE L. STATON  
UNITED STATES DISTRICT JUDGE

3